HUBERT K. DANIELSON ET AL., APPELLEES, V. CITY OF BELLEVUE ET AL., APPELLANTS.

95 N. W. 2d 57

Filed February 20, 1959. No. 34421.

*John E. Rice* and *Gross, Welch, Vinardi & Kauffman*, for appellants.

*A. Sheppard Taylor*, for appellees.

*Wells, Martin, Lane, Baird & Pedersen*, amici curiae.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Hubert K. Danielson and Margaret Danielson, husband and wife, plaintiffs and appellees, who are the owners of Lot 1, Block 183, City of Bellevue, Sarpy County, Nebraska, against the City of Bellevue, a first class city, located in Sarpy County, Nebraska, and the mayor of the city of Bellevue, defendants and appellants, to enjoin the defendants from proceeding further with the grading and surfacing of Twenty-ninth Avenue in the city of Bellevue which is located adjacent to the above-described lot belonging to the plaintiffs.

The case was tried to the court and a decree was rendered which granted the relief prayed by plaintiffs. From the decree the defendants have appealed.

The case was tried on the pleadings, a stipulation of facts, and certain exhibits which were introduced on the trial. Other matters have been discussed in the briefs but the parties have by their stipulation limited the issues which are submitted for consideration and determination as follows: "That the sole issues to be considered in this action shall be legality of the formation or creation of Street Improvement District No. 165 based upon Nebraska R. S. 1943, Reissue of 1953,

sections 16-617 and 16-619 and the authority of the city of Bellevue to make any change in grade of 29th Avenue without first assessing and determining the damages, if any, to the property of abutting property owners, in accordance with Section 16-615." The present designation of these provisions is sections 16-615, 16-617, and 16-619, R. R. S. 1943.

By the petition it is pleaded that on February 7, 1957, the city council of the city of Bellevue enacted an ordinance by which street improvement district No. 165, among other districts, was created. The ordinance creating district No. 165 has not been set forth at large or by specific description in the petition or in any other pleading. It was brought to the attention of the court only by a publication of notice of the passage of the ordinance creating district No. 165. This was received pursuant to an offer made by the defendants wherein it was stated that it was a true copy of the ordinance. In the light of this it is deemed that the ordinance is properly here for consideration. The part describing district No. 165 is as follows:

"The following street shall be improved:

"29th Avenue from the east line of Van Buren Street to the west line of Wayne Street.

"Section 3. The limits and boundaries of Street Improvement District No. 165, and improvements to be made therein, are defined and established as follows:

"Commencing at the northwest corner of Lot 3, Block 183 in the City of Bellevue; thence south to a point on the south city limits; thence east along the south city limits to a point directly south of the southeast corner of Lot 12, Block 120; thence north to the northern corner of Lot 10, Block 120; thence west to the point of beginning."

One basis of the claimed right of plaintiffs to injunction is that this portion of the ordinance, which is the sole portion relating to district No. 165, is insufficient to create an improvement district such as is contemplated

by sections 16-617 and 16-619, R. R. S. 1943, and is illegal and void. The sections are as follows:

"The mayor and council shall have power to pave, repave, gravel or macadamize any street, streets, alley, alleys, or any part of any street, streets, alley or alleys, in said city, and for that purpose to create suitable paving, repaving, graveling or macadamizing districts, which shall be consecutively numbered; and such work shall be done under contract." § 16-617, R. R. S. 1943.

"The mayor and council shall first, by ordinance, create a paving, graveling or other improvement district or districts. The mayor and clerk shall, after the passage, approval, and publication of such ordinance, publish notice of the creation of any such district or districts one time each week for not less than twenty days in a daily or weekly newspaper of general circulation published in the city." § 16-619, R. R. S. 1943.

It has been pleaded and so stipulated that in order to effectuate the improvement contemplated it becomes necessary to change the grade in the district. In this connection it is contended that after the ordinance requiring a change in the grade for the improvement was adopted and before any change could be made, it became the duty of the city to obtain the consent in writing of the owners of the lots or land abutting upon the street who represent the front footage thereon, and not then until the damages to property shall be assessed could the change be made. It is stipulated that the requirements contended for in this connection were not complied with by the city. The basis for the contention is section 16-615, R. R. S. 1943, reading in part as follows:

"The mayor and council shall have power by ordinance to establish the grade of any street, avenue, or alley in the city. When the grade of any street, avenue, or alley shall have been established, the grade of all or any part shall not be changed unless the consent in writing of the owners of the lots or land abutting upon

the street, or part of a street, where such change of grade is to be made, who represent a majority of the foot frontage thereon, is first obtained and not then until the damages to property owners which may be caused by such change of grade shall have been assessed and determined. The damages shall be ascertained and determined as provided in sections 76-704 to 76-724. * * * Provided, no street, avenue, or alley shall be worked to such grade or change of grade until the damages so assessed shall be tendered to such property owners or their agents."

On this basis, as we interpret, the plaintiffs insist that the steps taken to effect the change were illegal and that further steps should be enjoined.

It therefore becomes necessary to examine the ordinance in the light of the statutory provisions to which attention has been directed and ascertain whether or not the plaintiffs are entitled to the relief which they seek in this action.

The results flowing appropriately from this examination must conform to certain established rules found in the decisions of this court. In Chicago, St. P., M. & O. Ry. Co. v. City of Randolph, 163 Neb. 687, 81 N. W. 2d 159, the following appears: "The legislative power and authority delegated to a city to construct local improvements and levy assessments for payment thereof is to be strictly construed and every reasonable doubt as to the extent or limitation of such power and authority is resolved against the city and in favor of the taxpayer." See, also, Manners v. City of Wahoo, 153 Neb. 437, 45 N. W. 2d 113; Chicago & N. W. Ry. Co. v. City of Omaha, 156 Neb. 705, 57 N. W. 2d 753; Chicago & N. W. Ry. Co. v. City of Seward, 166 Neb. 123, 88 N. W. 2d 175.

In Chicago, St. P., M. & O. Ry. Co. v. City of Randolph, *supra,* in considering the validity of section 17-511, R. R. S. 1943, relating to cities of the second class and villages, this court said: "The publications and

notices provided for in section 17-511, R. R. S. 1943, are mandatory and jurisdictional steps without which an ordinance never becomes effective."

Section 17-511, R. R. S. 1943, extends to cities of the second class and villages the same powers with reference to the creation of improvement districts as do sections 16-617 and 16-619, R. R. S. 1943, to the city of Bellevue, a city of the first class. In reason therefore what was said in that case with reference to jurisdictional steps is applicable to a jurisdictional attack upon proceedings taken by a city of the first class to create an improvement district.

In making this examination it is found that section 16-617, R. R. S. 1943, contains a grant of power to pave, repave, gravel, or macadamize streets and alleys and parts thereof. It provides that the exercise of the power is dependent upon the creation of "suitable paving, repaving, graveling or macadamizing districts, which shall be consecutively numbered." It is required that the work shall be done under contract.

Section 16-619, R. R. S. 1943, implements section 16-617, R. R. S. 1943, by requiring that the creation of districts shall be by ordinance and the publication of such ordinance for not less than 20 days.

The provisions of these and other sections of the statute make it clear that the intention of the Legislature was that a city of the first class, in the exercise of the power granted by these provisions, was required to declare in the ordinance the kind or kinds of improvement which was proposed and to give notice thereof by publication of the ordinance. We have already pointed out that a grant of power such as is contained here must be strictly construed against the city.

Section 16-620, R. R. S. 1943, contains the following: "If the owners of the record title representing more than fifty per cent of the foot frontage of the property abutting or adjoining * * * shall file with the city clerk, within twenty days from the first publication of said

notice, written objections to the paving, repaving, graveling, or macadamizing of a district, said work shall not be done in said district under said ordinance, but said ordinance shall be repealed."

By this section property owners are given the right to object, and with particularity to "paving, repaving, graveling, or macadamizing." By the ordinance and its publication however the owners here had no opportunity, or at least no reasonable opportunity, to object in these areas since neither the ordinance nor the publication made any reference whatever to paving, repaving, graveling, or macadamizing or in fact anything else which the city proposed to improve or perform in the district.

Accordingly it must be said that the ordinance purportedly creating the improvement district is invalid.

As has been pointed out, by their petition the plaintiffs sought to enjoin the action taken and proposed for improvement under the ordinance also on the ground that it was violative of section 16-615, R. R. S. 1943. On the trial the court granted injunctive relief also on this ground. In their brief the plaintiffs have specifically abandoned any claim for relief on this basis and have consented to a reversal of the decree in this respect. Accordingly the decree to this extent should be reversed.

This is not to say however that the contention of the petition in this respect is not meritorious. The only purpose is to say the matter is not presented for decision by this court.

The decree of the district court is in all respects affirmed except the portion which grants injunctive relief based on section 16-615, R. R. S. 1943. As to that part it is reversed. All costs are taxed to the defendants.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.

WENKE, J., participating on briefs.